**XIONG CHENG YE, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 08–0176–ag.**

United States Court of Appeals, Second Circuit.

Oct. 21, 2008.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Anh–Thu P. Mai–Windle, Senior Litigation Counsel; Kathryn M. McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, GUIDO CALABRESI and REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Xiong Cheng Ye, a native and citizen of the People's Republic of China, seeks review of a December 19, 2007 order of the BIA, affirming the February 7, 2006 decision of Immigration Judge ("IJ") Sandy Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiong Cheng Ye*, No. A95 708 515 (B.I.A. Dec. 19, 2007), *aff'g* No. A95 708 515 (Immig. Ct. N.Y. City Feb. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, contrary to the government's argument, we find that Ye has not abandoned his claim for relief under the CAT. Indeed, as the agency denied Ye's application for CAT relief for the same reasons it denied his applications for asylum and withholding of removal, his arguments presented here challenge the agency's denial of all three forms of relief. *Cf. Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

**A. Religion Claim**

■ We find that the agency did not err in determining that Ye failed to establish a well-founded fear of future persecution on account of his religion. The record in this case, which does not include evidence of country conditions in China, would not compel any reasonable adjudicator to find that Ye established an objectively reasonable fear of persecution on account of his attendance at an underground church on two occasions. *See* 8 U.S.C. § 1252(b)(4)(B). Accordingly, the agency reasonably denied Ye's application for asylum, withholding of removal, and CAT relief based on his religion. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006) (withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).

**B. Family Planning Claim**

■ As to Ye's application for relief based on his family planning claim, that claim fails as a matter of law insofar as it is based on his girlfriend's forced abortion because the definition of "refugee," under 8 U.S.C. § 1101(a)(42), does not extend automatically to partners of individuals who have been forced to have an abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 314 (2d Cir.2007) (en banc). Ye's claim of past persecution and a well-founded fear of persecution based on his "other resistance" to the family planning policy is also unavailing. *See id.* (citing 8 U.S.C. § 1101(a)(42)).*

---

* The government argues that Ye failed to exhaust before the agency his claim that he suffered past persecution on account of his "other resistance" to the family planning policy. This argument is without merit. While the judicially imposed issue exhaustion requirement is mandatory, *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007), before the IJ and in his brief to the BIA, Ye claimed that he had been beaten unconscious for attempting to prevent family planning officials from taking his girlfriend to have an abortion. Moreover, it appears that the agency considered Ye to have asserted a claim of past persecution on account of his resistance, where the agency found that he failed to provide sufficient corroborating evidence in support of that claim in the form of medical records from his injuries. Therefore, as we can be confident that the purposes of the exhaustion requirement have been met, *see Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir.2004) (discussing 8 U.S.C. § 1252(d) and noting that this Court must ensure that the agency "had a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court"), we consider Ye's claim of other resistance exhausted.

Indeed, substantial evidence supports the agency's adverse credibility determination. The IJ reasonably relied on: (1) the implausibility of Ye's ability to depart China using his own passport where he had been summoned to appear in Court and claimed that he feared persecution in "any Court in China," *see Ying Li v. BCIS,* 529 F.3d 79, 82–83 (2d Cir.2008) (declining to disturb the IJ's adverse credibility determination based, in part, on the implausibility of the fact that the applicant "successfully quit the country using her own passport (despite allegations of nationwide persecution)"); and (2) Ye's failure to corroborate his claim, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006) (recognizing that an applicant's failure to corroborate his or her testimony may bear on credibility because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question). Moreover, with respect to the letters Ye submitted in support of his application, although the agency may err in rejecting a document solely based on the alien's failure to properly authenticate it pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–05 (2d Cir.2005), it does not err where, as here, its decision to reject documentary evidence is based substantially on legitimate credibility concerns and relies only in part on the fact that a document was not authenticated, *see Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148–49 (2d Cir.2007). Accordingly, the agency's denial of Ye's application for asylum, withholding of removal, and CAT relief based on his family planning claim was proper.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

*See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006) (holding that where the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court).